UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MAURICE D. YOUNG, individually, and on behalf of minor, T.A.Y., | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | 1:18-cv-00197-GZS |
| PROGRESSIVE INS. CO., | ) ) ) | |
| Defendant | ) | |

## RECOMMENDED DECISION ON MOTION TO DISMISS

In this action, Plaintiff, individually and on behalf of his minor child, seeks to recover damages allegedly resulting from a motor vehicle collision. Plaintiff asserts the claim directly against the insurer for the drivers involved in the collision.

The matter is before the Court on Defendant's Motion to Dismiss for Lack of Jurisdiction. (ECF No. 30.) Following a review of the pleadings and after consideration of the Defendant's arguments,[1] I recommend that the Court grant the Motion to Dismiss without prejudice.

### BACKGROUND

The following facts are derived from Plaintiff's complaint and are accepted as true for purposes of evaluating the pending motion to dismiss. *McKee v. Cosby*, 874 F.3d 54, 59 (1st Cir. 2017).

---

[1] Plaintiff did not file a response to Defendant's motion.

On December 20, 2017, Plaintiff and his minor child were injured in a motor vehicle collision in the town of Liberty, Maine. (Complaint at 1 - 2, ECF No. 1.) The drivers of both vehicles were insured by Defendant. (*Id.*)

On March 1, 2018, Defendant paid Plaintiff for damage to his vehicle. (*Id.* at 1.) Plaintiff has not received payment, however, for the substantial medical expenses incurred as a result of the collision. (*Id.* at 3; Motion to Amend Complaint ¶ 2, ECF No. 4; Order Granting Motion to Amend Complaint, ECF No. 5.)[2]

## DISCUSSION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). Pursuant to Rule 12(b)(1), a defendant may file a motion to dismiss asserting that the court lacks jurisdiction over the subject matter of the litigation. Fed. R. Civ. P. 12(b)(1). On such a motion, the court must "credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." *Merlonghi v. United States,* 620 F.3d 50, 54 (1st Cir. 2010). The court may also consider depositions and exhibits introduced by the parties to establish jurisdictional facts. *Id.* The burden of proving subject matter jurisdiction falls to the party invoking the court's jurisdiction. *Skwira v. United States*, 344 F.3d 64, 71 (1st Cir. 2003).

---

[2] On May 16, 2018, Plaintiff filed the complaint, (ECF No. 1), which he amended on May 29, 2018. (ECF Nos. 4 – 5.)

Under federal question jurisdiction, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff's complaint alleges a cause of action arising under state tort law, not a claim based on federal law. Accordingly, Plaintiff has failed to assert facts that would support a claim within the Court's federal question jurisdiction.

Federal district courts also have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Plaintiff has asserted sufficient facts to satisfy the amount in controversy requirement for diversity jurisdiction. For Plaintiff's claim to be within the Court's diversity jurisdiction, Plaintiff and Defendant must have been citizens of different states on the date the complaint was filed. *See Alvarez-Torres v. Ryder Memorial Hosp., Inc.*, 582 F.3d 47, 54 (1st Cir. 2009) ("[D]iversity jurisdiction does not exist where any plaintiff is a citizen of the same state as any defendant.").

A review of Plaintiff's filings reveals that Plaintiff was incarcerated in Maine at the time he filed the complaint. Significantly, he has not alleged that he was domiciled anywhere other than Maine prior to his incarceration.

For purposes of diversity jurisdiction, corporations are deemed citizens of their state of incorporation as well as the state of its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is typically where its corporate headquarters are located. *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). This general rule for corporate citizenship applies "except . . . in any direct action against the insurer of a policy or contract of liability insurance," wherein "the insured is not joined as a party-

defendant . . . ." 28 U.S.C. § 1332(c)(1). In such actions, the "insurer shall be deemed a citizen of . . . every State . . . of which the insured is a citizen." *Id.* § 1332(c)(1)(A). Congress crafted this exception in order to prevent parties from invoking diversity jurisdiction "in cases in which both the tortfeasor and the injured party were residents of [a single state], but the tortfeasor's insurer was considered a resident of another State." *Northbrook Nat. Ins. Co. v. Brewer*, 493 U.S. 6, 10 – 11 (1989).

Here, Plaintiff asserts a claim against the tortfeasor's liability insurer and the tortfeasor is not joined as a party-defendant. Defendant has presented evidence, in the form of documents filed in a state court proceeding, that its insured is domiciled in Maine. The evidence is uncontroverted. Pursuant to 28 U.S.C. § 1332(c), therefore, Defendant is deemed to be a citizen of Maine. Given that the record establishes that at the time of the filing of the complaint, Plaintiff was incarcerated in Maine, and given that Plaintiff has not asserted that he was domiciled in a state other than Maine prior to his incarceration, Plaintiff has not alleged sufficient facts to establish a diversity of citizenship between Plaintiff and Defendant. *Skwira*, 344 F.3d at 71 (burden of proving subject matter jurisdiction rests with party seeking to invoke federal court jurisdiction). Accordingly, the Court lacks subject matter jurisdiction over this matter.

## Conclusion

Based on the foregoing analysis, unless within the time afforded for objections to this recommended decision (14 days), Plaintiff amends his complaint to allege sufficient

facts to establish this Court's subject matter jurisdiction, I recommend the Court grant Defendant's Motion to Dismiss (ECF No. 30) without prejudice.[3]

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 31st day of January, 2019.

---

[3] Because I concluded the Court lacks subject matter jurisdiction over the matter, I have not addressed Defendant's other arguments in support of the motion to dismiss. If Plaintiff amends his complaint to establish the Court's subject matter jurisdiction, I will address Defendant's alternative arguments for dismissal.